**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALAMI EL MANSOURI,

      Petitioner-Appellant,

v.

JUSTIN JONES,

      Respondent-Appellee.

No. 07-6029

(D.C. No. CIV-06-0669-F)

(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

---

Alami El Mansouri ("El Mansouri"), an Oklahoma state prisoner appearing pro se,

seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas petition. Because El Mansouri fails to make "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny the COA

and dismiss the matter.

A jury convicted El Mansouri of multiple state law offenses, including among

others attempted robbery, assault and battery, and kidnapping, arising from a home-

invasion attempted robbery in November of 2001. He received a sentence of over one

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

hundred years' imprisonment. El Mansouri appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA reversed his conviction in part, dismissing two counts on grounds of double punishment, and affirmed his remaining convictions. El Mansouri then sought additional state post-conviction relief, which was denied by the state district court and affirmed by the OCCA.

El Mansouri filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254, which raised six grounds for relief, including: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (3) due process violations based on an in-court identification; (4) a Brady[1] violation resulting from the state's withholding of an exculpatory videotape; (5) a double jeopardy violation; and (6) a Confrontation Clause violation relating to hearsay statements admitted at trial.[2] The federal district court denied El Mansouri's habeas petition on January 31, 2007, after adopting the magistrate judge's report and recommendation ("R&R"). On February 27, 2007, the district court denied El Mansouri a COA to appeal the denial of his habeas petition.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963). The prosecution violates a defendant's due process rights when it fails to disclose evidence favorable to the defendant that was material to either guilt or punishment. Id.

[2] El Mansouri raised grounds five and six on direct appeal of his conviction. He raised grounds one through four for the first time in state post-conviction proceedings.

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. El Mansouri is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. Id. at 338 (quotations omitted).

Under § 2254, this court may grant a COA on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). After careful review of El Mansouri's application, the decisions of the OCCA, the magistrate judge's R&R, the district court's order, and the material portions of the record, we conclude that El Mansouri's claims are without merit.

El Mansouri's first ground for relief claims he was deprived of his Sixth Amendment right to effective assistance of counsel because his appellate counsel failed to raise claims of ineffective assistance of trial counsel on direct appeal. His second ground asserts that his trial counsel was ineffective for failing to: (1) challenge the joinder of his offenses pursuant to OKLA. STAT. ANN. tit. 22, § 404 (2003); (2) request a photo-lineup prior to trial and object to the in-court identification of El Mansouri; and (3) investigate

-3-

the contents of a videotape and allege a Brady violation by the State. Where, as here, a petitioner's claim of appellate ineffectiveness is based on counsel's failure to raise a particular issue, the court must consider the merits of the omitted issue. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). If the omitted issue is meritless, "its omission will not constitute deficient performance." Id. Because the OCCA considered El Mansouri's claims of ineffective assistance of appellate counsel on the merits and applied the proper standard articulated in Strickland v. Washington,[3] we will determine whether the OCCA's decision was contrary to or an unreasonable application of clearly established federal law.

El Mansouri alleged three errors by trial counsel that he claims appellate counsel should have raised on direct appeal. A consideration of the merits of each of these alleged trial counsel errors reveals that they lack merit. First, in 1968 the Oklahoma Legislature passed OKLA. STAT. ANN. tit. 22, § 436, which repealed § 404, thereby permitting the "joinder of separately punishable offenses . . . if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transaction." Glass v. State, 701 P.2d 765, 768 (Okla. Crim. App. 1985). Because "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and El Mansouri's trial counsel's decision not to request a pre-trial photographic lineup and to conduct a thorough cross-

---

[3] 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that his counsel's performance was deficient and prejudiced his defense. Id. Counsel's representation must fall below "an objective standard of reasonableness." Id. at 688.

-4-

examination of the identifying witness rather than challenge the identification directly are actions that "might be considered sound trial strategy," this claim also fails.  Strickland, 466 U.S. at 689.  Finally, El Mansouri failed to establish that the videotape in question actually exists, and even assuming it does, that the result of his trial would have been different.  Because El Mansouri's trial counsel was not deficient, his appellate counsel was not ineffective for failing to raise these claims on direct appeal and his first and second grounds for relief are without merit.

In his third ground for relief, El Mansouri claims his due process rights were violated as a result of the in-court identification by the victim-witness.  Because El Mansouri raised this claim for the first time in state post-conviction proceedings, the OCCA determined that the claim was procedurally barred pursuant to OKLA. STAT. ANN. tit. 22, § 1086 (2003) and affirmed denial of post-conviction relief on this claim.  This court has determined that § 1086 is an independent and adequate ground for denying habeas relief and therefore we cannot review this claim unless El Mansouri can demonstrate both "'cause for the default and actual prejudice as a result of the alleged violation of federal law.'"[4]  Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

The OCCA recognized that El Mansouri asserted ineffective assistance of

---

[4] We will also "overlook procedural default in rare cases when the failure to consider a petitioner's claims would produce a 'fundamental miscarriage of justice,' on the ground that the petitioner is actually innocent of the charged crime."  Ellis, 302 F.3d at 1186 n.1.  However, El Mansouri does not make this argument.

appellate counsel as the cause for his procedural default, but determined that El Mansouri failed to show that his appellate counsel's performance was deficient or that the outcome of his trial and appeal would have been different. Because we have already determined that El Mansouri's ineffective assistance of counsel claims are without merit, he has failed to overcome procedural default on this claim and we cannot review it. El Mansouri's fourth ground for relief asserts a stand alone Brady claim in regards to the allegedly exculpatory videotape. Because we have already determined, in the context of his effectiveness of counsel claims, that El Mansouri's Brady claim has no merit, we conclude that the petitioner's fourth ground for relief was properly denied.

In ground five, El Mansouri claims that his multiple convictions violate the Double Jeopardy Clause of the Fifth Amendment. El Mansouri asserted this claim on direct appeal and the OCCA reversed his conviction in part and dismissed two of the counts against him (Counts 7 and 12), but affirmed the rest of the convictions. In his habeas petition, El Mansouri claims his remaining convictions for "kidnapping, assault, and attempted robbery crimes" violate double jeopardy. See Brief in Support of Petition for Writ of Habeas Corpus, Doc. 2 at 15. The OCCA determined that other than Counts 2 and 7, none of the other counts against El Mansouri constituted double jeopardy or double punishment.

The Double Jeopardy Clause protects against multiple punishments for the same offense. Lucero v. Kerby, 133 F.3d 1299, 1316 (10th Cir. 1998). Because the record shows that El Mansouri's conviction for attempted robbery is not subject to a double

jeopardy challenge, his challenge is limited to his convictions for Assault and Battery with a Dangerous Weapon (Count 10) and Kidnapping for Extortion (Count 11) against the same victim. Because the assault and kidnapping offenses require different factual elements of proof, El Mansouri's convictions do not violate the Double Jeopardy Clause. Id. (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.")).

El Mansouri also argues that his convictions violate Oklahoma's statutory prohibition against double punishment, but because this involves purely a matter of state law, it cannot serve as grounds for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Finally, in his sixth ground for relief, El Mansouri claims that his Confrontation Clause and due process rights were violated when the trial court permitted certain hearsay testimony from a State witness. The OCCA considered this argument on direct appeal and concluded that this hearsay testimony violated El Mansouri's Confrontation Clause rights, but that this error was harmless. The Confrontation Clause bars the introduction of testimonial hearsay against a criminal defendant, unless the declarant is unavailable and

the accused has had a prior opportunity to cross-examine the declarant.  Crawford v. Washington, 541 U.S. 36, 53-54 (2004).  Because the OCCA did not expressly apply Crawford in reaching its decision or discuss whether the statements at issue were testimonial in nature, we will conduct an independent review of this issue under which we will refuse "relief unless the state court's result is legally or factually unreasonable." Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999) (noting that independent review is more deferential than de novo review because we owe "deference to the state court's result, even if its reasoning is not expressly stated") (emphasis in original).[5]  Because none of the statements El Mansouri complains of qualify as testimonial hearsay offered against him under Crawford and the OCCA's determination on this issue was not legally or factually unreasonable, this ground for relief also fails.

El Mansouri claims that the admission of these hearsay statements violated his due process rights to a fundamentally fair trial and requests an evidentiary hearing.  Even assuming there was some merit to his due process argument, the evidence presented against El Mansouri at trial is sufficient to render the violation harmless.  See Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005) (noting that "in a habeas proceeding, any trial errors will be deemed harmless unless they have a substantial and injurious effect or influence in determining the verdict").  Because none of his claims have merit, El Mansouri is not entitled to an evidentiary hearing.  See Anderson v. Attorney Gen. of

---

[5] El Mansouri's claim would fail even if we applied de novo review because the statements at issue do not violate Crawford.

<u>Kan.</u>, 425 F.3d 853, 858-59 (10th Cir. 2005) (noting that an evidentiary hearing is unnecessary if the claim can be resolved on record).

We DENY the COA and DISMISS the matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge