**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES ELLIS SHORT,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director,

      Respondent-Appellee.

No. 07-6091

(W.D. of Okla.)

(D.C. No. CV-06-582-HE)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

James Ellis Short is an Oklahoma state prisoner serving a total of 70 years

for convictions on charges of assault and battery with a dangerous weapon,

possession of a firearm, and aggravated attempt to elude a police officer,

following a former conviction of two or more felonies. He seeks a certificate of

appealability (COA) to challenge the district court's denial of his 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

§ 2254 petition for habeas corpus. The district court adopted the report and recommendation of the magistrate judge, who concluded Short's state court adjudications had not violated the governing standard under the Antiterrorism and Effective Death Penalty Act (AEDPA).

For substantially the same reasons as set forth by the magistrate judge, we conclude Short is not entitled to relief under § 2254 and DENY his request for a COA.

## I. Background

On June 21, 2001, Short was involved in a dispute with his brother, Eddie Bourne, at the salvage yard where they both lived. Bourne testified at trial that he confronted Short about a battery missing from his car. Short admitted to taking the battery and allegedly brandished a gun at Bourne, at which time Bourne told him to leave the salvage yard. Bourne went to his trailer and retrieved a 9 millimeter handgun, walked back towards Short, and fired a warning shot in the air. Short said he was leaving so Bourne retreated and put his gun back in his trailer. Short got in his car and left the salvage yard.

Bourne began to do some work around the salvage yard but within five to ten minutes, Short returned in his car. Bourne testified that Short opened the door, raised up out of the car, and shot Bourne. Bourne was hit in the arm and stomach. Bourne then ran for his trailer, retrieved a sawed off shotgun, and

headed back towards the driveway. Short told him to get in his car so he could drive Bourne to the hospital. Bourne did not leave with Short, and Short drove off. Police arrested Short five days later.

Bourne's girlfriend corroborated Bourne's story, testifying that she saw Short leave the yard in his car and return a short time later "screeching, the tires squalling." R. Vol. 3 at 256. Bourne then came to the trailer where they lived "holding his side and . . . bleeding." *Id.* at 258. She said he asked her to hand him the shotgun at that time, which she did, and that he walked back outside. She further testified that she heard Short tell Bourne to get in his car so he could drive him to the hospital.

At trial and on appeal, Short asserted that he acted in self-defense, that Bourne had already retrieved his shotgun and was holding it when Short shot him. In support of his position, Short pointed to the fact the shotgun was covered in blood when it was recovered, and to the testimony of a detective who interviewed Bourne after the incident. The detective said Bourne told him he had the shotgun with him when he was shot. But Bourne also told police that he did not point the shotgun or the handgun at Short.

The trial court concluded there was no evidence to support a self-defense instruction under Oklahoma law. Short was convicted by jury and sentenced to a total of 70 years (the term exacerbated by his prior convictions for two or more

felonies).  Short appealed his conviction to the Oklahoma Court of Criminal

Appeals (OCCA), which affirmed the conviction and the trial court's rejection of

the self-defense instruction.  Short sought additional relief in state court through

post-conviction proceedings but that was denied as well.

In his federal petition for habeas corpus, Short asserted ten grounds for

relief.[1]  Short previously had raised issues one through six on direct appeal.  The

remaining four were asserted in state post-conviction proceedings but had been

rejected by the OCCA as procedurally barred.  The magistrate judge applied the

---

[1]  The ten grounds included:

(1) the trial court's denial of self-defense instructions violated Short's Sixth and Fourteenth Amendment rights;

(2) the trial court's refusal to sever Count 1 from the remaining charges violated his due process rights;

(3) insufficient evidence supported his conviction for Aggravated Attempt to Elude a Police Officer, which violated his due process rights;

(4) the trial court's failure to instruct on the lesser included offense of Attempt to Elude a Police Officer violated his due process rights;

(5) the admission of other crimes evidence denied Short a fair trial and resulted in an excessive sentence;

(6) cumulative error denied him a fair trial;

(7) newly discovered evidence establishes the state failed to disclose exculpatory evidence in violation of his due process rights;

(8) trial counsel rendered ineffective assistance of counsel in violation of his Sixth Amendment rights in failing to investigate Short's alleged mental disability;

(9) appellate counsel rendered ineffective assistance in violation of Short's Sixth Amendment rights by failing to present the issue of Short's mental incompetency on direct appeal; and

(10) Short's substantive and procedural due process rights were violated because he was not competent to stand trial.

deferential AEDPA standard to grounds one through six, which the state courts had adjudicated on the merits, and recommended they be denied.[2] The magistrate judge concluded three of the four remaining claims were procedurally barred under AEDPA. Addressing the final claim on the merits (Short's competency to stand trial), the magistrate judge likewise concluded it lacked merit and should be denied.[3]

Short subsequently filed an objection in the district court which failed to address any of the substantive aspects of the magistrate judge's Report and Recommendation. Rather, Short advanced an unrelated argument that "because of mental disability, he misunderstood the court's prior order recommending that he file an amended petition from which he had deleted his unexhausted claims" and asked the district court for leave to file the amended petition at that time. R. Doc. 34 at 1. The district court denied that request. Moreover, and despite Short's failure to raise objections to the magistrate judge's Report and Recommendation, the district court conducted a de novo review of his federal habeas petition but agreed with the magistrate judge that relief be denied.

---

[2] Short fails to raise grounds one through six in his opening brief before this court so they are waived.

[3] Short's final claim was that his due process rights were violated because he was incompetent to stand trial. The magistrate judge, finding that a substantive due process challenge to competency would not be barred, addressed the claim on the merits but nevertheless concluded it should be denied.

## II. Standard of Review

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. Discussion

On appeal, Short makes four claims. He was (1) forced to stand trial while incompetent in violation of due process, (2) denied effective assistance of trial counsel in violation of due process, and (3) denied effective assistance of appellate counsel in violation of due process. In addition, he claims (4) the federal district court erred in rejecting his habeas petition on the basis of a procedural bar, also in violation of his due process rights.

Short's first three claims—with the exception of his substantive due process challenge on competency grounds—are procedurally defaulted. We address them together. We address separately (1) the competency issue, and (2) the challenge to a lack of due process by the district court.

*A. Short's First Three Claims are Procedurally Defaulted*

Short raised grounds one through three above for the first time in state post-conviction proceedings. After the state district court denied relief on the merits, Short appealed the decision to the OCCA. But the OCCA found Short's petition for review untimely and declined to exercise jurisdiction pursuant to Rule 5.2(C), Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2005).

Rule 5.2(C)(2) is a procedural rule that requires a party appealing the district court's order denying post-conviction relief to file a petition with the OCCA within thirty days from the date the order is filed with the clerk of the district court. The Rule further provides that failure to timely file said petition "is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal." Rule 5.2(C)(5). The OCCA found that the district court's order was filed with the court clerk on October 18, 2005 but that Short's petition was not filed until November 21, 2005 and was, thereby, outside the thirty-day appellate window.

Invoking the adequate and independent state ground doctrine, the government in this case argued that the claims dismissed by the OCCA as subject to the procedural bar of Rule 5.2(C) were thus defaulted for purposes of federal habeas review as well. The government's contention is correct under controlling Supreme Court precedent:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  *See also Rogers v. Gibson*, 173 F.3d 1278, 1290 (10th Cir. 1999).  Moreover, this circuit has specifically found Rule 5.2's procedural bar to be an adequate and independent state ground sufficient to foreclose federal habeas review.  *See, e.g., Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998).

Because of the procedural bar, therefore, we may only review Short's claims if he (a) can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or (b) demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

*Cause and Prejudice*.  Short's only attempt to show cause is a claim he raised in state court that "his untimely filings resulted from difficulties he faced obtaining a pauper's affidavit from prison officials."[4]  Aplt. Br. at 13.  But Short

---

[4] When the OCCA declined jurisdiction over Short's appeal of the denial of state post-conviction relief, it nevertheless advised him he might be eligible to file an appeal out of time if he could show the original petition was untimely through no fault of his own.  It was at this time, apparently, that Short made his case regarding wayward prison officials.  The state district court denied Short's

(continued...)

does nothing to explain these alleged difficulties and how any delay is attributable to prison officials. Without more, we are unable to say Short has shown cause for his default. *See, e.g., Magar v. Parker*, 490 F.3d 816, 819–20 (10th Cir. 2007) (rejecting petitioner's attempt to excuse default by alleged lack of access to legal materials while incarcerated because he "failed to identify any act or omission by prison officials that would have barred his access to the courts").

Moreover, Short's oblique reference to an argument made in his filings in the state courts does not satisfy his duty to demonstrate cause in his federal habeas petition. As the magistrate judge noted, that petition "does not explain the reasons for the untimeliness of [Short's] post-conviction appeals." Mag.J. R&R, 2/28/07, at 21.

*Miscarriage of Justice.* Because Short has failed to demonstrate cause for his procedural default,[5] relief must be denied unless he can show that our failure to review his claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "This exception, however, is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably

---

[4](...continued)
request for an appeal out of time, unpersuaded that the delay was not his fault.

[5] Since Short has failed to show cause, no discussion of whether he has demonstrated "actual prejudice" is necessary because both are required to satisfy the first exception to procedural default as announced in *Coleman*. 501 U.S. at 750.

resulted in the conviction of one who is actually innocent.'" *Magar*, 490 F.3d at 820. Short does not proffer any evidence of actual innocence in his appeal to this court though he did urge the magistrate judge to recognize new evidence—namely the post-trial affidavit of the victim stating he was the initial aggressor—that he acted in self-defense and was therefore innocent in the case of the assault and battery conviction. Even if we were to consider that argument on appeal, it is insufficient as a matter of law in the habeas context. We have held that a self defense claim invokes the defendant's legal—not factual—innocence (i.e., the shooting was justified). A claim of legal innocence alone is inadequate to satisfy the fundamental miscarriage of justice exception. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (new evidence showing conduct justified by doctrine of self defense not sufficient to show factual innocence). In any event, we are satisfied that the trial court did not err by failing to submit a self defense instruction to the jury.

Because Short has failed to satisfy either the cause and prejudice or the fundamental miscarriage of justice exceptions to procedural default, his claims must be denied.

*B. Short's Substantive Due Process Claim Lacks Merit*

The magistrate judge properly concluded that Short's due process claim based on mental competency to stand trial had both procedural and substantive

components. Short's procedural due process challenge is barred as discussed above. In contrast to a procedural due process challenge, however, a substantive due process challenge is not subject to procedural default. *Rogers v. Gibson*, 173 F.3d 1278, 1289 (10th Cir. 1999). *See also Sena v. New Mexico State Prison*, 109 F.3d 652, 654 (10th Cir. 1997) ("While competency claims can involve both procedural and substantive due process, competence to *stand trial* is an aspect of *substantive* due process. Because of the conflation of cause (here incompetence) and prejudice in the substantive due process claim presented in this case, procedural default does not apply.") (internal citations omitted) (emphasis in original). Nevertheless, we conclude that Short's substantive due process challenge on competency grounds must likewise be rejected.

Short claims his substantive due process rights were violated because he was made to stand trial despite significant questions regarding his mental competency. "A criminal defendant [cannot] be tried unless he is competent." *Maynard v. Boone*, 468 F.3d 665, 672 (10th Cir. 2006) (quoting *Godinez v. Moran*, 509 U.S. 389, 396 (1993)). Short says the trial court was on notice that his competency was at issue, and was thus required to order a competency hearing but did not.

In order to state a substantive due process claim on competency, a petitioner must present clear and convincing evidence that a "real, substantial,

and legitimate doubt" existed regarding his competency to stand trial. *Smith v. Mullin*, 379 F.3d 919, 932 (10th Cir. 2004) (internal quotation marks and citation omitted). Short's evidence does not satisfy this standard. To support his claim, Short notes that his brother was his guardian and "appointed to handle [his] financial affairs." Aplt. Br. at 5. More specifically, his brother "was to receive and manage [his] 'Disability Supplemental Security Income' payments for the use and benefit of Mr. Short, because of the government's determination that Mr. Short was not capable of functioning on his own." *Id.* at 7.

Short previously presented two letters from the Social Security Administration addressing his eligibility for benefits. But as the magistrate judge noted, "[t]hese letters do not disclose the basis for the disability determination." *See* Mag.J. R&R, 2/28/07, at 24. Likewise, an affidavit submitted by Short's brother to support Short's competency claims failed to disclose any medical basis for the alleged disability. *Id.* Nor does Short make any attempt to explain why the need for assistance with one's finances is a reasonable proxy for mental illness grave enough to preclude trial.

In summary, Short's evidence is simply insufficient to support a "real, substantial, and legitimate doubt" regarding his competency to stand trial.[6]

---

[6] Additionally, Short appended a letter to this court with his opening brief stating that he had requested copies of his mental records from the medical
(continued...)

*C. Procedural Default Does Apply to Short's Claims*

Short's final argument is that the district court committed fundamental error by rejecting the bulk of his federal habeas petition on procedural grounds. He asserts that procedural default does not apply because the OCCA, in summarily rejecting his post-conviction application for an appeal out of time, did not satisfy the "plain statement rule" of *Michigan v. Long*, 463 U.S. 1032 (1983):

> Our requirement of a "plain statement" that a decision rests upon adequate and independent state grounds does not in any way authorize the rendering of advisory opinions. Rather, in determining, as we must, whether we have jurisdiction to review a case that is alleged to rest on adequate and independent state grounds, we merely assume that there are no such grounds when it is not clear from the opinion itself that the state court relied upon an adequate and independent state ground and when it fairly appears that the state court rested its decision primarily on federal law.

*Id*. at 1042. Short argues that the OCCA's order denying his appeal out of time "does not engage in any meaningful discussion fo [sic] the legal principles and factual analysis that led it to refuse Mr. Short's [appeal]." Thus, he argues, the order violates the plain statement rule and cannot be the basis of a procedural bar.

---

[6](...continued)
department at the correctional facility where he resides. "These copies were to be attached as exhibits in his Opening Brief. However, the [correctional facility] medical personal [sic] are making him jump through hoops, by waiting for clearance of a disbursement by trust fund for the requested copies." Letter, 7/17/07. Short goes on to state that "he will submit his mental exhibits as soon as he receives them from medical, hopefully by the week of July 23–27, 2007." However, no medical records have been filed with this court.

While this argument might have been persuasive if the OCCA's order denying the appeal out of time was the basis for the procedural bar, the fact is that the procedural bar arose from the OCCA's prior order denying jurisdiction over Short's appeal of the trial court's denial of post-conviction relief. In that order, the OCCA plainly stated that it was rejecting jurisdiction over that appeal because Short's petition was untimely pursuant to Local Rule 5.2. As we discussed, this circuit has accepted the procedural bar of Rule 5.2 as an independent and adequate state ground sufficient to preclude federal habeas review. *See Duvall v. Reynolds*, 139 F.3d at 797.

## IV. Conclusion

Because we find no jurists of reason would find it debatable whether the district court was correct in denying Short's petition under § 2254, we deny Short's application for a COA and dismiss his appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-14-