**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARSHALL HENRY ELLIS,

      Petitioner - Appellant,

v.

STEVE HARGETT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 00-6358

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 97-CV-1274-R)**

---

Mac Oyler, Oklahoma City, Oklahoma, for Appellant.

Steven E. Lohr, Assistant Attorney General, Oklahoma City, Oklahoma, for Appellee.

---

Before **EBEL, PORFILIO,** and **JOHN R. GIBSON,**[*] Circuit Judges.

---

**JOHN R. GIBSON**, Circuit Judge.

---

[*] The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Marshall Ellis, sentenced to life imprisonment for murder and other offenses, appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254 (2000). We affirm.

I.

Most of the relevant facts are undisputed. Ellis drove a female companion to a methamphetamine deal in the parking lot of a restaurant in Woodward, Oklahoma, on May 8, 1985. The other parties to the deal arrived in a van: unknown to Ellis, several were undercover police officers. After the drug transaction was finished, undercover Agent William Stewart emerged from the van holding a pistol. Ellis shot and killed Stewart from his car with a sawed-off shotgun. Other undercover officers returned fire on the car, injuring Ellis's companion. Ellis fired again, wounding Detective Mark Chumley, then escaped. He was apprehended shortly thereafter.

Ellis was charged with multiple crimes. He pleaded guilty to illegal gun possession and to a drug charge, but went to trial on three counts: first degree murder, Okla. Stat. tit. 21, § 701.7 (1981); shooting with intent to kill, Okla. Stat. tit. 21, § 652 (1981); and assault with intent to kill, Okla. Stat. tit. 21, § 651 (1981). He admitted shooting Stewart and Chumley but claimed self-defense. Several witnesses testified that they did not hear Stewart identify himself as a police officer before producing a gun and approaching Ellis's car. The

government produced witnesses who testified that Stewart did identify himself. Ellis testified that when he saw Stewart's gun he feared he or his companion would be killed. The trial court instructed the jury on murder, on the affirmative defense of self-defense, and on first degree heat of passion manslaughter, Okla. Stat. tit. 21, § 711 (1981), a lesser included offense of first degree murder. It instructed that if the jury had a reasonable doubt as to which offense Ellis was guilty of, it could find him guilty only of the lesser offense.

The jury convicted Ellis of first degree murder and shooting with intent to kill. He received concurrent sentences of life imprisonment and fifty years, respectively, for the offenses. Ellis appealed his conviction to the Oklahoma Court of Criminal Appeals, alleging, among several other arguments, that prosecuting him for the three shooting charges after he pleaded guilty to the firearms charge violated the constitutional prohibition against double jeopardy. The Court of Criminal Appeals upheld Ellis's conviction, but the United States Supreme Court granted certiorari, vacated, and remanded for reconsideration in light of Grady v. Corbin, 495 U.S. 508 (1990), overruled by United States v. Dixon, 509 U.S. 688 (1993), a then-recent double jeopardy decision. Ellis v. Oklahoma, 498 U.S. 977 (1990). The Court of Criminal Appeals reaffirmed its earlier decision on remand. Ellis v. State, 834 P.2d 985 (Okla. Crim. App. 1992).

Ellis next sought state postconviction relief, asserting some new arguments including claims based on the due process clause. Relief was denied, and the Court of Criminal Appeals affirmed the denial in 1997. Ellis then filed a federal habeas corpus petition. The district court originally dismissed the petition as untimely, but this court reversed and remanded for consideration on the merits. Ellis v. Hargett, No. 98-6016, 1999 WL 257761 (10th Cir. Apr. 28, 1999) (unpublished opinion). On remand the magistrate judge analyzed Ellis's claims and recommended denying the petition. The district court agreed, adopting the magistrate's report and recommendation by unpublished order on September 15, 2000. Ellis briefed an appeal, and this court granted a certificate of appealability on the issues raised in his brief.

II.

Ellis raises two arguments for habeas relief, both concerning the jury instructions at his trial. The more substantial argument focuses on the instructions on murder and heat of passion manslaughter. Ellis claims that the court should have instructed specifically that heat of passion was an affirmative defense to first degree murder, one that the government, not Ellis, bore the burden to disprove beyond a reasonable doubt. In light of the evidence at trial, Ellis argues, the court's failure to give such an instruction violated his due process right to be convicted only upon proof beyond a reasonable doubt of all facts

necessary to constitute the crimes charged against him.  See Mullaney v. Wilbur,

421 U.S. 684, 704 (1975) ("[T]he Due Process Clause requires the prosecution to

prove beyond a reasonable doubt the absence of the heat of passion . . . when the

issue is properly presented in a homicide case.") (relying on In re Winship, 397

U.S. 358, 364 (1970)).

A habeas petitioner who seeks to overturn his conviction based on a claim

of error in the jury instructions faces a significant burden.  "The question in such

a collateral proceeding is 'whether the ailing instruction by itself so infected the

entire trial that the resulting conviction violates due process.'"  Davis v. Maynard,

869 F.2d 1401, 1405 (10th Cir. 1989) (quoting Henderson v. Kibbe, 431 U.S. 145,

154 (1977)), vacated sub nom. Saffle v. Davis, 494 U.S. 1050 (1990), rev'd in

part on other grounds, 911 F.2d 415 (10th Cir. 1990).  Of more acute concern,

Ellis never requested an instruction on heat of passion, nor did he raise any

corresponding due process claim on direct appeal.  When he raised the argument

for the first time in state postconviction proceedings, the Court of Criminal

Appeals held that consideration was barred by Oklahoma procedural law, set forth

in Okla. Stat. tit. 22, § 1086.  See Walker v. State, 933 P.2d 327, 330-31 (Okla.

Crim. App. 1997) ("[P]ost-conviction claims which could have been raised in

previous appeals but were not are generally considered waived.").  This is an

independent and adequate state ground for denying habeas relief.  Hain v. Gibson,

287 F.3d 1224, 1230 (10th Cir. 2002). It prevents us from reviewing Ellis's defaulted claim unless he can demonstrate both "cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991).[1]

A showing that a defendant received ineffective assistance of counsel will establish cause excusing a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, Ellis argues that his state appellate counsel's failure to raise his present due process challenge to the jury instructions was so unjustifiable as to be constitutionally ineffective.

---

[1]We will also overlook a procedural default in rare cases when the failure to consider a petitioner's claims would produce a "fundamental miscarriage of justice," on the ground that the petitioner is actually innocent of the charged crime. Id.; Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001). Ellis briefly asserts that his procedural default should be excused on this ground. This argument cannot prevail. Ellis does not claim that new evidence shows he is factually innocent of shooting Stewart and Chumley. Rather, his claim boils down to asserting that he is legally innocent because his conduct is justified or mitigated by the doctrines of self-defense or heat of passion, on which he maintains the jury was not accurately instructed. The miscarriage of justice exception, however, only applies to claims of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000).

Even if such a factual claim were before us, it would be unavailing. Ellis's trial was contested, but the prosecution presented significant evidence of guilt. Assuming arguendo that the instructions in Ellis's trial were constitutionally defective, it still could not be said, in light of the evidence, that "no reasonable juror would have found the defendant guilty," as is required to invoke the miscarriage of justice exception. Schlup v. Delo, 513 U.S. 298, 329 (1995).

To demonstrate ineffective assistance of counsel a petitioner must establish both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unreasonable errors, the outcome of his appeal would have been different. Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Applying this test requires us to "look to the merits of the omitted [argument]." Hain, 287 F.3d at 1231 (quoting Neill, 278 F.3d at 1057). However, our review of Ellis's claim of ineffective assistance is further constrained. The Oklahoma appellate court considered and rejected the claim in denying postconviction relief. As a federal habeas court we may reverse only if that holding was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2000) (defining standard for review of state-court decisions of law in habeas proceedings subject to Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)).

Ellis's due process argument is based on United States v. Lofton, 776 F.2d 918 (10th Cir. 1985), in which this court held that "a defendant in a federal murder case who has sufficiently raised a heat of passion defense [is] entitled to instructions informing the jury of the theory of defense and of the Government's duty to prove beyond a reasonable doubt the absence of heat of passion in order to

obtain a murder conviction." Id. at 920. Lofton was tried for murder after killing an estranged husband who abused her daughter. She presented considerable evidence of heat of passion and used it as her only defense against the murder charge. See id. at 919, 921. Noting that Lofton had "sufficiently raised" the defense of heat of passion, the court held that she was entitled to a specific instruction that "advised the jury of [her] defense and its effect on the prosecution's burden of proof." Id. at 920-21.

By the time Ellis's counsel filed a direct appeal, however, subsequent cases had thrown doubt on Lofton's applicability. Lofton was based on Mullaney, in which the Supreme Court held that the prosecution must specifically prove the absence of heat of passion beyond a reasonable doubt when the issue is "properly presented" in a homicide case. 421 U.S. at 704. Mullaney did not define proper presentment, but the Supreme Court noted that Mullaney's trial counsel had specifically argued that his client was guilty only of heat of passion manslaughter. See id. at 685. Oklahoma's courts appear to have interpreted this concept of proper presentment as requiring a defendant to request a heat of passion instruction, or otherwise affirmatively invoke the doctrine, in order to be entitled to instructions like those at issue in Lofton. As will be discussed below, this court has also resolved a due process challenge to homicide instructions consistently with this principle.

The Oklahoma Court of Criminal Appeals rejected a Lofton claim in Goulsby v. State, 742 P.2d 567 (Okla. Crim. App. 1987). Goulsby, like Ellis in the present case, was charged with murder and raised self-defense as his sole defense. The trial court instructed on self-defense and on heat of passion manslaughter as a lesser included offense. The appellate court distinguished Lofton partly on the ground that Lofton's "sole defense to murder was that the homicide was committed in the heat of passion," whereas Goulsby claimed self-defense, not heat of passion. Id. at 570.

In Stewart v. State, 757 P.2d 388 (Okla. Crim. App. 1988), the court again upheld a homicide conviction against a Lofton challenge, on facts similar to the present case. Stewart raised self-defense in response to a charge of murder. His jury was instructed on self-defense and on heat of passion manslaughter as a lesser included offense. As in the case before us, the trial court also instructed the jury on the need to resolve any doubts as to which offense Stewart had committed in favor of the lesser charge. Id. at 393. In those circumstances the appellate court held that "[t]he Lofton case simply does not apply." Id.

This court, too, refused to extend Lofton in Davis v. Maynard, 869 F.2d 1401 (10th Cir. 1989), an Oklahoma habeas case that also closely resembled Ellis's. Davis was handed down less than two months after Ellis's direct appeal. The defendant was charged with first degree murder under Oklahoma law. His

-9-

only defense at trial was self-defense, and his jury received instructions on self-defense and the lesser included offense of first degree heat of passion manslaughter.  Id. at 1404-05.  At one point in the instructions the trial court spoke of heat of passion manslaughter as involving elements that "reduce[d]" murder to manslaughter.  Id. at 1406.  Davis argued that these jury instructions were reversible error, an argument this court summarized as a claim "that in every first degree murder case where malice aforethought is an element of the crime, the jury must be instructed in haec verba that the government has the burden of proving the absence of heat of passion."  Id.  This court refused to read Lofton so broadly.  It pointed out that "Davis, unlike Lofton, never raised the heat of passion defense at his trial."  Id.  It also noted that "the instructions in [Davis's] case, unlike those in Lofton, explicitly defined malice and heat of passion as mutually exclusive."  Id.  This court denied relief, finding no reversible error in the instructions.  Id. at 1406-07.

Ellis's case is very close to Davis.  Both cases involved the same Oklahoma homicide statutes and the same due process challenge to instructions.  Like Davis, Ellis argued self-defense and never sought a heat of passion defense at his trial. In Davis's case, the court told the jury that malice aforethought and heat of passion were mutually exclusive; in Ellis's case, the court, after instructing the jury on murder and manslaughter, instructed them that any reasonable doubts

-10-

between a greater and a lesser crime were to be resolved in favor of the lesser crime. Davis thus casts serious doubt on the merit of Ellis's present due process claim. Further, Stewart and Goulsby, which were on the books at the time Ellis appealed, indicate that the Oklahoma courts would not have been receptive. These precedents suggest that Ellis's counsel was not objectively unreasonable in failing to offer the argument. The Supreme Court has held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)). The exercise of judgment involved in framing an appeal makes it "difficult to demonstrate that [appellate] counsel was incompetent" under Strickland for omitting a particular argument. Robbins, id.

Ellis's direct appeal counsel urged fourteen different arguments for reversal. These included a search and seizure argument (relating to the police's inventory search of his car) and an argument involving the potential admission of other crimes evidence, both of which were unsuccessful, but were not without force. Also, as noted before, Ellis raised a double jeopardy argument that later prompted the Supreme Court to vacate the Court of Criminal Appeals' first opinion on the double jeopardy issue and remand for reconsideration. The vacation and remand in turn suggest that the Court viewed the double jeopardy issue as having some merit. See Henry v. City of Rock Hill, 376 U.S. 776, 777

-11-

(1964) (per curiam); see also Board of Trustees v. Sweeney, 439 U.S. 24, 26 (1978) (Stevens, J., dissenting). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

We must resolve Ellis's ineffective-assistance claim in light of the constraints AEDPA imposes on our scrutiny of state-court decisions. The Court of Criminal Appeals held that it was not objectively unreasonable under the circumstances for appellate counsel to omit the Lofton claim. We in turn must decide, not whether this application of the Strickland standard was correct, but whether it was reasonable. We hold that it was. In light of the Oklahoma precedents applying Lofton, discussed above, as well as our own handling of the similar claim urged in Davis, it could reasonably be concluded that Ellis's omitted due process claim was not "clearly stronger" than the issues his appellate counsel did argue. Hence Ellis cannot overcome his state procedural default. That prevents us from reaching the merits of his challenge to the heat of passion instructions.

## III.

Ellis also challenges the trial court's instructions on self-defense, contending, first, that the instructions misstated Oklahoma law, and second, that

they unconstitutionally shifted the burden of proof on self-defense to Ellis's disadvantage, violating the due process clause. Ellis presented the first part of this argument to the state courts on direct appeal, but not the second. His challenge to the self-defense instructions in state court dealt entirely with their correctness under Oklahoma law and cited no federal authority. Therefore, his federal due process claim has not been exhausted. See Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997). Since the State has not expressly waived the exhaustion requirement, it applies to this claim. 28 U.S.C. § 2254(b)(3) (2000). Because Ellis has already applied once for state postconviction relief, he is clearly procedurally barred from raising this claim, which is purely legal in nature, in a subsequent application. See Okla. Stat. tit. 22, § 1086. Ellis provides no argument that this default was excused by ineffective assistance of counsel or another cause. Therefore we cannot review the federal claim. Carrier, 477 U.S. at 488.

As for the remaining, state-law part of Ellis's challenge to the self-defense instructions, "claims of state law violations are not cognizable in a federal habeas action." Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); 28 U.S.C. § 2254(a) (1994 & Supp. V 1999).

## IV.

For the foregoing reasons, we affirm the district court's order denying Ellis a writ of habeas corpus.