FILED
United States Court of Appeals
Tenth Circuit

August 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMIE L. PAYNE,

        Petitioner - Appellant,

v.

DAVE MILLER, Warden; JUSTIN
JONES, Director of Oklahoma
Department of Corrections;
OKLAHOMA DEPARTMENT OF
CORRECTIONS; STATE OF
OKLAHOMA,

        Respondents - Appellees.

No. 08-7008

E.D. Okla.

(D.C. No. 06-CV-00328-FHS-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Tommie Loyd Payne, a state prisoner, seeks a certificate of appealability

(COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254

petition for writ of habeas corpus. Because Payne has failed to make "a

substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his application.

Payne was convicted in Oklahoma state court on four charges of sexual

misconduct and was sentenced to a term of imprisonment. On direct appeal, the

Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence except for one count, which it reversed with instructions to dismiss. That count was dismissed and Payne's sentence was adjusted accordingly.[1]  Payne filed an application for post-conviction relief in state court, which was denied. The OCCA affirmed.

Payne filed a § 2254 petition for writ of habeas corpus in federal court asserting five grounds for relief.  The district court denied Payne's petition, determining the first claim lacked merit, the second claim was not justiciable, and the last three claims were procedurally barred because the OCCA dismissed them on independent and adequate state grounds, concluding they were not raised on direct appeal, in contravention of Oklahoma law.[2]  *See* Okla. Stat. tit. 22, § 1086 ("All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application.  Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application,

---

[1] Payne was ultimately sentenced to fifteen years for second degree rape, twenty years for forcible sodomy, and fifteen years for second degree rape by instrumentation.

[2] The court explained: "When Petitioner filed his direct appeal, he did not raise these claims.  Petitioner raised them subsequently in his application for post-conviction relief which was denied by the trial court . . . .  Because the Oklahoma Court of Criminal Appeals correctly applied the procedural bar to Petitioner's claims, habeas relief must be denied on them."  (Appellant's Br., Ex. 2 at 7-8.)  "Further, Petitioner has been unable to show cause for his failure to raise these claims on direct appeal and he [cannot] show actual prejudice or a miscarriage of justice."  (*Id.* at 9.)

unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application."); *see also Walker v. State*, 933 P.2d 327, 330-31 (Okla. Crim. App. 1997) ("Post-conviction claims which could have been raised in previous appeals but were not are generally considered waived.").

Payne appeals from the district court's denial of his petition, raising only those claims the court held were procedurally barred. In those claims, he alleged the trial court erred by denying defense counsel's request for a continuance to enable counsel to educate himself on DNA analysis and prior false allegations. He contends this error prevented counsel from independently analyzing the DNA sample at issue. We review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Payne's petition on procedural grounds, Payne must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A plain procedural bar is present here and the district court did not err in dismissing Payne's petition. As a general rule, "federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Dretke v. Haley*, 541 U.S. 386, 392 (2004); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("The [independent and adequate state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds."). The OCCA's judgment here was based on an adequate and independent state law procedural ground, Okla. Stat. tit. 22, § 1086. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief").

The Court has recognized "an equitable exception to the [procedural] bar when a habeas applicant can demonstrate cause and prejudice for the procedural default. The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that fundamental fairness remains the

central concern of the writ of habeas corpus." *Dretke*, 541 U.S. at 393 (quotations and citations omitted). Under this standard, a petitioner must "demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim."[3] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis omitted). Payne has not attempted to make this showing. In the district court and here, he argues only the merits of his claims. This is clearly insufficient to satisfy the cause and prejudice standard.

We **DENY** a COA and **DISMISS** this prescient appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge

---

[3] Acknowledging "[t]he cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice," the Court has recognized a "narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke*, 541 U.S. at 393 (quotations omitted). Payne does not claim he is actually innocent of the offenses for which he was convicted. He asserts only that, had a continuance been granted, his counsel could have obtained a DNA sample from another individual to determine if he had impregnated the victim.