UNITED STATES COURT OF APPEALS

TENL CIRCUIT

RANDY DALE PARSON,

Petitioner-Appellant,

v.

JIM KEITH, WARDEN,

Respondent-Appellee.

No. 08-6146

(W.D. Oklahoma)

(D.C. No. 5:07-CV-00994-M)

**ORDER**

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Randy Dale Parson, proceeding *pro se*, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He argues that the state failed to produce exculpatory evidence as required by *Brady v. Maryland* and violated his due process rights. We deny his application for a COA and dismiss this matter.

I.      **BACKGROUND**

On September 29, 2003, Ashley Bethel accepted a ride from a Conoco store in Ponca City, Oklahoma, from Mr. Parson. According to Ms. Bethel, Mr. Parson drove her to a back road in Tonkawa, Oklahoma, pulled a scalpel out of his pocket, and ordered her to undress. Mr. Parson forced her face down in the seat

of his vehicle, tied her feet together and then tied her feet to her hands. After driving around for some time, Mr. Parson removed Ms. Bethel from the car and placed her on the ground. When Ms. Bethel started to scream, Mr. Parson punched her several times in the face, breaking her jaw.

Later, Mr. Parson put Ms. Bethel into his car and drove to an abandoned trailer house. There, he then raped and sodomized her repeatedly. When he was finished, he placed Ms. Bethel into the trunk of his car, drove to a bridge, and tossed her over the bridge. He then sat on top of Ms. Bethel with his knees on her shoulders and began pushing her head under water. He choked her and slammed her head on the ground.

Afterwards, Mr. Parson left, saying that he was going to get a motel room. Ms. Bethel yelled for help, and a truck driver stopped and called for assistance. Mr. Bethel was taken to a nearby hospital and treated for physical injuries and hypothermia.

A state jury in Kay County, Oklahoma, convicted Mr. Parson of first-degree rape (Counts I, II, and III), forcible sodomy (Count IV), assault and battery with intent to kill (Count V), second-degree rape (Counts VI and VII), kidnaping (Count X), and aggravated assault and battery (Counts XI and XII). His sentences total 165 years of imprisonment.

The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and denied Mr. Parson's subsequent petition for rehearing. Mr.

Parson filed an application for post-conviction relief in the state district court, which was denied. The OCCA affirmed that decision.

Mr. Parson then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that (1) his due process rights were violated because the state failed to produce exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) his due process rights were violated because he did not receive the benefit of the OCCA's ruling in *Anderson v. State*, 130 P.3d 273, 277-283 (Okla. Crim. App. 2006) (regarding Oklahoma's requirement that a jury be notified that a defendant is required to serve 85% of his sentence before being eligible for parole); (3) his double jeopardy rights were violated because his convictions amounted to multiple convictions for the same offense; (4) his due process rights were violated because Ms. Bethel's in-court identification of him was unduly suggestive; (5) the evidence was insufficient to support his convictions; (6) his trial and appellate counsel were ineffective; (7) his sentence was excessive, in violation of his Eighth and Fourteenth Amendment rights; and (8) cumulative error denied him a fair trial.

In a thorough report and recommendation, the magistrate judge rejected all of Mr. Parson's claims. Rec., vol. II, doc. 14 (Mag. Rep. and Rec., filed April 23, 2008). The district court adopted the report and recommendation and denied Mr. Parson's habeas petition.

Mr. Parson now seeks a COA to appeal the district court's dismissal of his

3

petition, arguing that his due process rights were violated because (1) the state failed to produce exculpatory evidence in violation of *Brady*; and (2) Ms. Bethel's in-court identification of him was unduly suggestive.

## II.    DISCUSSION

"[U]ntil a COA has been issued[,] federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). A COA may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Parson may make this showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, at 336. Or, if the ruling was procedural, that reasonable jurists would find it debatable both that the petition states a valid claim of the denial of a constitutional right *and* that the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

### A.  *Brady* issue

Mr. Parson contends that the state failed to produce four investigative reports from the Oklahoma State Bureau of Investigation ("OSBI") prior to trial, in violation of his due process rights under *Brady*. 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment,

4

irrespective of the good faith or bad faith of the prosecution."). In ruling on Mr. Parson's application for post-conviction relief, the OCCA noticed that he had not raised this *Brady* claim in his direct appeal. The OCCA, therefore, concluded that the claim was procedurally barred. *See* Okla. Stat. tit. 22, § 1086; *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002) ("[Okla. Stat. tit. 22, § 1086] prevents us from reviewing Ellis's defaulted claim unless he can demonstrate both cause for the default and actual prejudice as a result of the alleged violation of federal law.") (internal quotation marks omitted).

In the post-conviction proceedings, Mr. Parson argued that the procedural bar did not apply to his case. To overcome the procedural bar, Mr. Parson had to demonstrate both cause for the default and actual prejudice as a result of the alleged violation of federal law. *Ellis*, 302 F.3d at 1186. As cause, Mr. Parson alleged that appellate counsel was ineffective for failing to raise the *Brady* claim on appeal. The OCCA, however, rejected this argument on the basis that Mr. Parson failed to demonstrate that the outcome of his proceedings would have or should have been different based on the state's failure to disclose the reports prior to trial. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("[To show constitutionally defective assistance of counsel,] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Relying on the

5

Supreme Court's instruction in *Strickland*, the OCCA concluded that counsel's failure to raise the claim on direct appeal did not amount to constitutionally ineffective assistance of counsel.

On habeas review, we must defer to the OCCA's determination that appellate counsel was not ineffective for raising this claim. 28 U.S.C. § 2254(d)(1). Thus, Mr. Parson must show that the OCCA's determination of this issue was contrary to or an unreasonable application of *Strickland*. As the magistrate judge observed, Mr. Parson fails to demonstrate the "materiality" component of his *Brady* claim. *See* Rec., vol. II, doc. 14, at 10 (Mag. Rep. and Rec., filed April 23, 2008) (citing *Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007) ("The standard for determining *Brady* materiality is well-established. The touchstone of materiality is a reasonable probability of a different result.") (internal quotation marks omitted)). In other words, Mr. Parson did not satisfy his burden to demonstrate a reasonable probability of a different result had the reports been produced pretrial. We agree and thus conclude that the district court properly denied Mr. Parson's *Brady* claim.

## B. In-court identification

Mr. Parson alleges that Ms. Bethel's in-court identification of him was unduly suggestive and thus violated his due process rights. Ms. Bethel identified Mr. Parson for the first time at trial, nearly three years after the incident. Moreover, Mr. Parson asserts that, at the time of the identification, Mr. Bethel

6

had only himself and his defense counsel to choose from, thereby making the identification "akin to a one-person line-up." Rec., vol. II, doc. 14, at 25.

As the Supreme Court stated in *Manson v. Brathwaite*, "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." 432 U.S. 98, 106 (1977). A reliability determination requires an inquiry into the totality-of-the-circumstances. *Neil v. Biggers*, 409 U.S. 188, 196 (1972). On review, the magistrate judge observed that even if, as Mr. Parson alleges, the OCCA's failure to apply *Manson* and *Biggers* was erroneous, his claim fails because any such error was harmless. Rec., vol. II, doc. 14, at 31-32 (citing *Kennaugh v. Miller*, 289 F.3d 36, 48 (2d Cir. 2002) (declining to determine whether a state court unreasonably applied clearly established federal law because any error by the state court "in failing to test directly the reliability of [the witness's identification] testimony was harmless").

As the Supreme Court stated in *Brecht v. Abrahamson*, habeas relief is improper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. 619, 623 (1993) (internal quotation marks omitted). Based on *Brecht*, the magistrate judge agreed with the OCCA, noting, "the weaknesses surrounding [Ms. Bethel's] testimony were presented to the jury through defense counsel's cross-examination of [Ms. Bethel] and other witnesses. . . . [Moreover,] the evidence was sufficient to convict Petitioner of the

7

offenses." Rec., vol. II, doc. 14, at 31-32 (citing *Kennaugh*, 289 F.3d at 48 (finding any error in admission of an in-court identification testimony harmless where evidence of guilt was powerful and credibility and reliability of witness's in court identification were challenged on cross examination of the witness)). We agree.

## III.  CONCLUSION

We have reviewed Mr. Parson's request for a COA, the magistrate judge's report and recommendation, the district court's order, and the record on appeal. For substantially the same reasons set forth by the magistrate judge, we conclude that Mr. Parson is not entitled to a COA. The magistrate judge's report and recommendation reflects a careful analysis of the record and is supported by applicable law. Because jurists of reason would not find these conclusions debatable, we DENY Mr. Parson's request for a COA and DISMISS this matter.

Entered for the Court,


Robert H. Henry
Chief Judge

8