**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARYL D. WILSON,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director,

      Respondent - Appellee.

No. 13-5053
(D.C. No. 4:10-CV-00271-GKF-TLW)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Daryl Wilson seeks to appeal the district court's denial

of his habeas corpus petition under 28 U.S.C. § 2254. Wilson v. Jones,

10-CV-271-GKF-TLW, 2013 WL 1390040 (N.D. Okla. Apr. 4, 2013). We deny a

certificate of appealability ("COA") and dismiss the appeal.

Mr. Wilson was convicted of First Degree Manslaughter, After Former

Conviction of Two or More Felonies in state district court. The Oklahoma Court

of Criminal Appeals ("OCCA") affirmed his conviction and sentence and denied

Mr. Wilson's request for an evidentiary hearing. Mr. Wilson filed an application

for post-conviction relief, raising the same grounds of error as in his appeal,

which was denied. The OCCA again affirmed, finding all claims barred by res

judicata and waiver. We construe Mr. Wilson's notice of appeal as a renewed application for a COA. Fed. R. App. 22(b); Montoya v. Lemaster, 202 F.3d 282, 282 (10th Cir. 2000).

We may issue a COA only if Mr. Wilson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may accomplish this by showing that reasonable jurists could debate whether the petition should have been resolved differently, or that the issues deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the district court rejected his constitutional claims on the merits, Mr. Wilson must show that reasonable jurists would find the district court's assessment debatable or wrong. Id.

Mr. Wilson argues that: (1) his Fourth Amendment claims were not fully and fairly litigated in the Oklahoma courts, Aplt. Br. 9-12, (2) his trial was rendered fundamentally unfair by the admission of hearsay evidence, id. at 12-15, (3) erroneous jury instructions and prosecutorial misconduct misinformed the jury about the law, id. at 16-17, and (4) application of the Oklahoma procedural bar to his ineffective assistance of counsel claims was inappropriate, id. at18-22. After careful review of Mr. Wilson's brief and the appendix, we conclude that no reasonable jurist could debate the district court's conclusions.

The district court held that it could not address Mr. Wilson's Fourth Amendment claims because they were fully and fairly litigated in the state courts; his motion to suppress was heard and overruled by the trial court and rejected on

appeal by the OCCA. Wilson, 2013 WL 1390040, at *9. Mr. Wilson argues that he did not have an opportunity to fully and fairly litigate his claims because the suppression hearing took place after the evidence was admitted, the OCCA rejected them without analysis, and the district court dismissed them as procedurally barred in his application for post-conviction relief. Aplt. Br. 9-12. He points to no legal support for these arguments. We owe deference to the state court's result even where its reasoning is not expressly stated. Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). Mr. Wilson does not argue that he was denied a "procedural opportunity to raise or otherwise present" his Fourth Amendment claims, or that he was denied "recognition and at least colorable application" of the correct constitutional standards. See Gamble v. State of Okl., 583 F.2d 1161, 1165 (10th Cir. 1978). As such, the district court's conclusion that it was precluded from considering the Fourth Amendment claims ruled on by the state court under Stone v. Powell, 428 U.S. 465 (1976) is not reasonably debatable.

Next, the district court noted that it had no general authority to review the state court's evidentiary ruling on hearsay. Mr. Wilson has failed to show that the admission of the statements in question was so "grossly prejudicial" as to "fatally infect" his trial. See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (internal quotation marks omitted). Thus, the district court's denial of relief on Mr. Wilson's hearsay claim is not reasonably debatable.

The district court also noted that it had no authority to review the state court's jury instructions. The district court's conclusion that the prosecutor's statement regarding the law of manslaughter was not so fundamentally unfair as to deprive Mr. Wilson of due process, see Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997), is not reasonably debatable.

Finally, Mr. Wilson claims that application of the Oklahoma procedural bar, which prohibits claims raised for the first time in post-conviction proceedings that could have been raised on direct appeal, Okla. Stat., tit. 22, § 1086, to his ineffective assistance of counsel claims violated his constitutional rights. Aplt. Br. 18-22. To the extent Mr. Wilson seeks to challenge the OCCA's application of the procedural bar, this argument was not raised in his federal habeas petition and may not be raised here. See Parker v. Scott, 394 F.3d 1302, 1327 (10th Cir. 2005). To the extent he challenges the district court's conclusion that it could not hear his claims because the OCCA declined to do so, see Coleman v. Thompson, 501 U.S. 722, 724 (1991), he has failed to call that conclusion into doubt. Mr. Wilson's assertion that the OCCA's application of the procedural bar was not an "independent and adequate state ground" is incorrect. Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002). He has not argued any cause for his default, and his attempts to show prejudice are unpersuasive. See id. We conclude that no reasonable jurist could debate the district court's assessment of this or any of Mr. Wilson's claims.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge