**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOBY G. CHAVEZ,

      Petitioner-Appellant,

v.

GERMAN FRANCO; STATE OF NEW
MEXICO,

      Respondents-Appellees.

No. 14-2190
(D.C. No. 1:13-CV-00338-JB-SCY)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

A New Mexico jury convicted Toby Chavez of first degree felony murder and

other crimes after he admitted to shooting and killing an elderly man at a gas station.

The trial court sentenced Mr. Chavez to life plus thirteen and one-half years in

prison. After pursuing direct appeals and several motions for postconviction relief in

the state courts, Mr. Chavez filed this petition for habeas corpus under 28 U.S.C.

§ 2254, claiming ineffective assistance of counsel and various trial court errors. The

district court denied the petition, and Mr. Chavez now seeks a certificate of

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealability.  *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

We may grant a COA, however, "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires an applicant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  If a state court adjudicated a claim on the merits, a federal court may not grant habeas relief "unless the state-court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or 'was based on an unreasonable determination of the facts in light of the evidence presented' in state court."  *Al-Yousif v. Trani*, 779 F.3d 1173, 1180 (10th Cir. 2015) (citations omitted) (quoting 28 U.S.C. § 2254(d)).

The district court held that the state courts reasonably rejected Mr. Chavez's ineffective assistance of counsel claims, and this conclusion we find ourselves unable to debate.  Even assuming Mr. Chavez's allegations are true, and even assuming they suggest constitutionally deficient representation, Mr. Chavez never explains how he was prejudiced by his attorney's performance.  *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

Indeed, for each of the claimed errors there are reasons to believe he wasn't. Mr. Chavez first argues that his attorney didn't adequately investigate and impeach a prosecution witness. But the evidence Mr. Chavez sought to expose — the witness's criminal history and a prior inconsistent statement — ultimately made it before the jury anyway. Next Mr. Chavez argues that his attorney failed to explain the prosecution's burden of proof to the jury. But such an explanation was fully provided by the trial court in its jury instructions. Mr. Chavez suggests that his attorney should have investigated and presented evidence on his drug addiction and its effect on his state of mind at the time of the crime. But, as noted by the district court, presenting this information to the jury may actually have undercut the self-defense theory on which he relied. Finally, Mr. Chavez claims he wasn't properly counseled on his right to testify. From the record, however, it appears that the account of events he now says he would've presented was fully presented to the jury in other ways. In short, Mr. Chavez hasn't shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Neither has he carried the added burden of demonstrating that the state courts' decision on this score was unreasonable. *See* 28 U.S.C. § 2254(d)(1).

Mr. Chavez next asserts three claimed trial errors: denial of a motion to suppress, bias on the part of the trial judge, and erroneous jury instructions. But as the district court saw it, the state courts reasonably denied relief on these claims — a

- 3 -

conclusion that again we find hard to debate.  Although Mr. Chavez asserts his confession should have been suppressed as involuntary, as the district court explained there is no support for that theory in the record.  Mr. Chavez claims to have been impaired and sleep-deprived, but he exhibited no signs of intoxication, his interview lasted only twenty-six minutes, and there is no evidence of coercive police activity. *See United States v. Lamy*, 521 F.3d 1257, 1261-62 (10th Cir. 2008) (listing factors relevant to a determination of voluntariness).

Mr. Chavez claims the trial judge was biased and denied him a fair trial by repeatedly reprimanding his attorney.  But, as the district court and New Mexico Supreme Court observed, the reprimands occurred outside the presence of the jury and there is no evidence any alleged bias had any effect on the jury's verdict.  *See United States v. Erickson*, 561 F.3d 1150, 1166 (10th Cir. 2009).

Finally, Mr. Chavez says the trial court's instructions failed to inform the jury that a conviction for attempted armed robbery was a prerequisite for a conviction under the felony murder rule, and failed to instruct the jury on his theory of provocation, which would have mitigated his culpability.  But as the district court observed, the challenged instructions did not "so infect[] the entire trial that the resulting conviction violates due process." *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002) (internal quotation marks omitted).  Indeed, the record reflects that the jury was properly instructed on the felony murder rule and attempted armed robbery.  Likewise, the instructions on voluntary manslaughter and provocation were

broad enough to capture Mr. Chavez's theory of provocation.  Under these circumstances, no reasonable jurist could debate the district court's dismissal of these claims.[1]

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1]    Mr. Chavez raises several other instructional errors for the first time in his application for a COA.  Because they were not presented in his habeas petition in the district court, we decline to consider them now.  *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).