**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

DANNY RAY WILSON,

      Petitioner-Appellant,

v.

JASON BRYANT, Warden,

      Respondent-Appellee.

No. 15-5091
(D.C. No. 4:12-CV-00679-CVE-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After being convicted in Oklahoma state court, Mr. Danny Ray Wilson filed a federal habeas petition under 28 U.S.C. § 2254. In this petition, he claimed that he had not been competent to plead nolo contendere, that his plea had not been knowingly and intelligently entered, that his trial and appellate counsel had been ineffective, and that newly discovered evidence showed that he was innocent. The federal district

---

[*]     We do not believe that oral argument would be helpful. Accordingly, we decide the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

court denied the application for habeas relief, and Mr. Wilson appeals.

We can entertain Mr. Wilson's appeal points only upon the grant of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We granted a certificate of appealability on the claims challenging the validity of the plea and alleging ineffective assistance at trial.[1] On these claims, we affirm the denial of habeas relief. On the remaining claims, we decline to issue a certificate of appealability and dismiss the appeal on those claims.

## I. Mr. Wilson entered a blind plea of nolo contendere.

Mr. Wilson faced state charges for first-degree burglary and aggravated assault and battery. According to the State, Mr. Wilson broke into the home of a 95-year-old woman and battered her in the face.

Shortly before the trial was to begin, defense counsel (Mr. David Phillips) stated that

- he had advised Mr. Wilson to either accept a prior plea offer for 35 years or to enter a blind plea and

- Mr. Wilson rejected this advice and wanted to go to trial.

The trial judge conferred with Mr. Wilson about the potential range of punishment and the available alternatives, prompting Mr. Wilson to say that he wanted to "get it settled." R. vol. 2 at 34-35. The trial judge cautioned that with a blind plea, Mr. Wilson would "have no way of

---

[1] The certificate of appealability included a claim that trial counsel had been ineffective in advising Mr. Wilson to waive a preliminary hearing. We withdraw the certificate of appealability on this claim because it was omitted in Mr. Wilson's application for a certificate.

2

knowing what [the trial judge's] decision [would] be. It [would] simply be within the range of punishment provided by Oklahoma law." *Id.* at 36. The judge asked Mr. Wilson if he wanted "to take either one of those offers." *Id.* at 37. Mr. Wilson replied: "Yeah, I do." *Id.* The trial judge emphasized the permanency of the decision: "Once you enter that plea, you can't take it back. Do you understand that?" *Id.* Mr. Wilson nodded. The court then recessed to allow Mr. Wilson and Mr. Phillips to finalize a written plea agreement.

After completing the plea forms, the trial judge summarized the plea agreement. The agreement indicated that Mr. Wilson was not taking any medications that would affect his ability to understand the proceedings. *Id.* at 80-81. Mr. Wilson admitted that the agreement bore his signature and that he understood the rights he was relinquishing.

The trial judge explained the potential sentences and confirmed that Mr. Wilson wished to enter a "blind plea of no contest." *Id.* at 38-39. The prosecutor then summarized the evidence against Mr. Wilson, who agreed that he would not contest that evidence.

The judge reiterated the possible range of punishment for both counts and noted that Mr. Wilson "should have no expectation of anything other than what . . . the range of punishment is." *Id.* at 40. Mr. Wilson indicated that was his understanding.

The trial judge then found that Mr. Wilson understood his rights. *Id*. With this finding in place, Mr. Wilson entered a blind plea of nolo contendere and the judge imposed consecutive terms of 30 years' imprisonment for burglary and a life sentence for assault.

Mr. Wilson moved to withdraw his plea of nolo contendere and the trial court held a hearing on the motion. Mr. Wilson's trial counsel testified that he had told Mr. Wilson that

- the judge had discretion on what would happen and

- Mr. Wilson might fare better with a judge because a jury would likely react with outrage after learning that the victim was elderly.

*Id*. at 70. Mr. Phillips added that he did not know what prompted Mr. Wilson to "want to deal." *Id*. at 76. On cross-examination, Mr. Phillips confirmed that he had assisted Mr. Wilson in filling out the plea agreement and had advised Mr. Wilson that by entering a plea, "he could do better or he could do worse." *Id*. at 78-79.

Conversely, Mr. Wilson testified that on the day of trial, Mr. Phillips had stated that

- he "wasn't prepared to proceed to trial" and

- the judge would not impose more than 35 years.

*Id*. at 97-98. Mr. Wilson indicated that he had expected a sentence between 20 and 35 years and experienced shock when given a life sentence. *Id*. at 98-99. He added that his trial counsel had completed the plea forms and

4

pressured Mr. Wilson to sign. *Id.* at 101-02. When the hearing came to an end, the trial judge denied Mr. Wilson's motion to withdraw the nolo contendere plea. The Oklahoma Court of Criminal Appeals (OCCA) affirmed in a summary opinion.

**II.    In district court, Mr. Wilson bore a heavy burden to justify habeas relief.**

In reviewing the denial of habeas relief, we engage in de novo review. *Frost v. Pryor*, 749 F.3d 1212, 1223-24 (10th Cir. 2014). Thus, we apply the standard that applied in district court. *Sperry v. McKune*, 445 F.3d 1268, 1271 (10th Cir. 2006).

In district court, habeas relief is restricted under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). Under this law, "[a]n applicant is not entitled to relief unless he can demonstrate that the state court's resolution of his claims was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)-(2)). Through this standard, the AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated [on the merits] in state court." *Burt v. Titlow*, —U.S. —, 134 S. Ct. 10, 16 (2013).

5

## III. The district court did not err in denying relief on the claims challenging Mr. Wilson's competency to enter a plea.

Mr. Wilson claims that he and his attorney should have been questioned on the issue of competency. For this claim, Mr. Wilson points out that he disclosed a past mental illness on his plea form. In his view, this disclosure should have triggered greater inquiry to ensure competency. We reject this argument.

The nolo contendere plea was valid only if Mr. Wilson was competent. *Gonzales v. Tafoya*, 515 F.3d 1097, 1118 (10th Cir. 2008). And he was competent only if he had the ability to consult with his attorney and to understand the proceedings. *Id.*

The existence of a mental disorder does not necessarily mean that the defendant lacks competency to enter a plea of nolo contendere. *See Miles v. Dorsey*, 61 F.3d 1459, 1472 (10th Cir. 1995). The defendant ultimately bears the burden to prove by a preponderance of the evidence that he lacked competency. *See id.*

The OCCA rejected Mr. Wilson's competency argument:

> The record here shows that the trial court's inquiries were sufficient to determine Wilson was competent to enter his no contest pleas. The trial court did not personally inquire of Wilson regarding his competency. However, Wilson's plea form indicated he was not taking any medications or substances which affected his ability to understand the proceedings, and had not been prescribed any medication he was not taking; understood the nature and consequences of the proceeding; understood his rights; understood he waived his rights by pleading; and had discussed the charges and plea with counsel.

6

> The plea form reflects that Wilson had been treated at Parkside hospital for "Paranoid — schizo/Bipolar, Thorazine", but the record shows this treatment was twenty to thirty years before Wilson's plea was entered. Wilson's plea counsel, Phillips, avers in the plea form that he believed [Wilson] understood the nature, purpose and consequences of the proceeding, and was able to assist counsel in formulating any defense. At the hearing on Wilson's motion to withdraw his plea, the trial court noted that at no time during the proceedings was there any suggestion that Wilson was not competent, and the court's observations were that Wilson was focused, engaged, and able to understand the nature of the proceedings. We find that this procedure was sufficient, and we further find that the record does not support any conclusion that Wilson was not competent to enter his plea.

R. vol. 1 at 395. In conducting this analysis, the OCCA reasonably applied Supreme Court precedent.

To prove otherwise, Mr. Wilson bore a heavy burden in district court, for the representations made by himself, his attorney, and the prosecutor combined to create a "formidable barrier" to habeas relief. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). To overcome that barrier, Mr. Wilson had to go beyond conclusory allegations or arguments belied by the record. *Id.* at 74.

Mr. Wilson does not question the truthfulness of his oral statements in court. Rather, he contends that the trial court should have inquired further after learning of a past mental illness. The OCCA addressed this contention and concluded that the colloquy had been sufficient.

This conclusion was reasonable under Supreme Court precedent and the record of the plea proceeding. In the colloquy, Mr. Wilson answered in

7

a way that showed focus and understanding. In these circumstances, the federal district court did not err by rejecting the habeas claim.

## IV. The district court did not err in denying relief on the claim of ineffective assistance at trial.

Mr. Wilson also argues that his trial counsel rendered ineffective assistance by failing to (1) adequately advise how to plead and decide between accepting the State's offer or entering a blind plea and (2) request a finding on competency.

To prevail on the ineffective-assistance claim in district court, Mr. Wilson had to show that the legal representation was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

On direct appeal, the OCCA rejected Mr. Wilson's claims:

> The record shows that plea counsel advised Wilson a trial court might sentence him to less time on a blind plea than he would get in a jury trial, that the court might give him more or less time than the State's offer, and that if Wilson wanted to be sure of his sentence he should take the State's offer. The record does not support Wilson's suggestions either that there was confusion regarding the State's offer, or that plea counsel had failed to properly consult with Wilson and investigate his case, or that the facts of the case and Wilson's previous hospitalization should have caused counsel to question his competency. Wilson fails to show that, but for counsel's advice, he would not have entered a blind plea. We will not find counsel ineffective.
>
> We find in Proposition III that plea counsel was not ineffective for failing to ensure that the trial court found he was competent to enter his no contest plea. We found in Proposition I that the trial court's procedure sufficiently determined Wilson was competent. We further found in Proposition I that nothing in the record supports any suggestion Wilson was not competent

8

to enter his plea. Given these findings, Wilson cannot show he was prejudiced by counsel's failure to insist on a personal colloquy with the trial court, or to raise the issue of Wilson's competency.

R. vol. 1 at 396-97 (footnotes & citations omitted).

This disposition was reasonable under Supreme Court precedent and the trial court's record. Mr. Wilson acknowledged that his attorney had explained that acceptance of the State's offer would provide greater certainty than a blind plea because no one could know for sure what sentence the judge would impose. R. vol. 2 at 75, 78.

According to Mr. Wilson, his attorney strongly urged a guilty plea. But the attorney could reasonably fear a harsh reaction from the jury when it learned that the victim was 95 years old. As a result, the OCCA reasonably concluded that Mr. Wilson had failed to prove a deficiency in his attorney's advice.

Mr. Wilson also argues that because he had previously suffered from mental illness, his attorney should have moved for an "examination or determination of his mentally ill client's competency to waive trial rights." Appellant's Opening Br. at 8 (brackets omitted). According to Mr. Wilson, there is no indication that the attorney investigated or inquired further into the past mental illness. In Mr. Wilson's view, the attorney should have obtained further psychological evaluations.

9

The claim assumes that there was a reason to suspect mental illness when Mr. Wilson pleaded. But there was none; the mental illness disclosed on the plea form was over 20 years old. In these circumstances, the OCCA reasonably rejected the ineffective-assistance claim.

## V. We decline to issue a certificate of appealability on Mr. Wilson's remaining two claims.

Mr. Wilson asserts two additional habeas claims: (1) newly discovered evidence and (2) ineffective assistance of appellate counsel. We can consider the appeal on these claims only if Mr. Wilson justifies a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To do so, Mr. Wilson must show that his appeal points are reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). The district court concluded that Mr. Wilson had not satisfied this light burden on the claims involving newly discovered evidence and ineffective assistance of appellate counsel. We agree.

According to Mr. Wilson, newly discovered evidence shows that he is innocent. For example, Mr. Wilson points to a TRACIS report and police photographs that prove incriminating evidence had been fabricated.

This claim is procedurally barred because the OCCA resolved this issue on an independent and adequate procedural ground: failure to raise the issue in a prior application for post-conviction relief. R. vol. 1 at 183-84 & n.9; *see Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002).

Mr. Wilson additionally claims that his appellate counsel was ineffective for failing to assert appeal points regarding

- trial counsel's ineffectiveness for failure to challenge competency and

- the "newly discovered evidence."

In the post-conviction appeal, the OCCA noted that Mr. Wilson had conceded that his appellate counsel's competency argument was "'well researched and articulated in her brief in chief.'" R. vol. 1 at 182. In addition, Mr. Wilson has not alleged that he told his appellate counsel about the "newly discovered evidence." Rather, Mr. Wilson argued that (1) the newly discovered evidence "was obvious from the[] exhibits in the record," R. vol. 1 at 28; and (2) his appellate counsel "had the entire record to find this fundamental error." Appellant's Opening Br. at 24. Because these allegations are conclusory, any reasonable jurist would uphold the OCCA's decision to reject this claim. As a result, we (1) decline to issue a certificate of appealability on the claim of ineffective assistance of appellate counsel and (2) dismiss that part of the appeal.

## VI. Disposition

We decline to issue a certificate of appealability on the claims involving newly discovered evidence and ineffective assistance of appellate counsel. Thus, we dismiss those parts of the appeal. We affirm on

11

the claims involving competency and ineffective assistance of trial counsel.

Entered for the Court


Robert E. Bacharach
Circuit Judge