FILED
United States Court of Appeals
Tenth Circuit

May 5, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WALTER DOUGLAS LOWE,

    Petitioner - Appellant,

v.

JOE ALLBAUGH, Interim Director
Department of Corrections,

    Respondent - Appellee.

No. 16-6247
(D.C. No. 5:13-CV-00791-M)
(W.D. Okla.)

**ORDER**

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Mr. Walter Douglas Lowe unsuccessfully sought habeas relief in district court. He wants to appeal but needs a certificate of appealability to do so. 28 U.S.C. § 2253(c)(1)(A). We decline to issue the certificate and dismiss the appeal.

1. **Background**

Mr. Lowe was convicted of first-degree manslaughter in Oklahoma and sentenced to life in prison. On direct appeal, Mr. Lowe unsuccessfully asserted six grounds for relief. Mr. Lowe then applied for post-conviction

relief, asserting six additional grounds for relief. The state district court denied this application on the ground that Mr. Lowe could have presented the claims on direct appeal.

The Oklahoma Court of Criminal Appeals declined jurisdiction in the post-conviction appeal, holding that the petition in error had been filed out of time. Mr. Lowe then filed a second application for post-conviction relief, seeking an appeal out-of-time. The state district court denied this application, and the Oklahoma Court of Criminal Appeals affirmed.

Mr. Lowe then filed a habeas petition under 28 U.S.C. § 2254, asserting twelve grounds for relief. Six had first appeared in the direct appeal, and the other six had first appeared in the initial application for post-conviction relief. The magistrate judge recommended denial of habeas relief, reasoning that the claims raised on direct appeal lacked merit and that the claims raised in the post-conviction proceedings were procedurally barred. Mr. Lowe objected to the magistrate judge's report and recommendation, but the district judge overruled the objections and denied habeas relief.

## 2. Standard for a Certificate of Appealability

To obtain a certificate of appealability, Mr. Lowe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). We can issue the certificate only if reasonable jurists could debate the correctness of the district court's ruling. *Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007). When the ruling denies habeas relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 592 U.S. 473, 484 (2000).

3. **Firm-Waiver Rule: Habeas Claims Involving (1) Time Limits for Voir Dire, (2) Discriminatory Use of Peremptory Challenges, (3) Failure of the State to Comply with the Oklahoma Criminal Discovery Code, (4) Admission of Gruesome Photographs, (5) Cumulative Error, (6) Actual Innocence, (7) Denial of the Right to Self-Representation, (8) Denial of the Right to Substitute Counsel, and (9) Ineffective Assistance of Counsel Based on a Pejorative Characterization of Mr. Lowe ("Druggy"), Failure to Request a Jury Instruction, and Failure to Call or Investigate Witnesses**

Mr. Lowe has waived most of his habeas claims under the firm-waiver rule. Under this rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review . . . ." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

In his objections to the magistrate judge's report and recommendation, Mr. Lowe failed to address the habeas claims addressed

in his application for a certificate of appealability. Of the claims addressed in this application, Mr. Lowe objected only to the magistrate judge's handling of the claims involving ineffective assistance of trial counsel for failure to present evidence of the 911 calls, ineffective assistance of appellate counsel, and failure to instruct the jury on Oklahoma's "Stand Your Ground" law.[1] The remainder of the claims would ordinarily be waived.

But there are two exceptions to the firm-waiver rule: "(1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object," and (2) "the 'interests of justice' require review." *Id*. These exceptions do not apply. In the report and recommendation, the magistrate judge informed Mr. Lowe of the consequences of failing to object. R. vol. 1, at 508. Mr. Lowe filed a timely objection, but he failed to address eight of his twelve habeas claims. *See Morales-Fernandez*, 418 F.3d at 1119. Consequently, Mr. Lowe has waived an appeal point on eight of his habeas claims:

1.    improper time limits for voir dire

---

[1]    Mr. Lowe did not clearly raise the jury-instruction issue in his objections to the magistrate judge's report and recommendation, but he did refer to the "lesser included" offense that would have applied if the jury had found that he acted in self-defense. R. vol. 1, at 511. For the sake of argument, we may assume that this objection is sufficiently specific to avoid application of the firm-waiver rule.

2.    discriminatory use of peremptory challenges

3.    failure to the State to comply with the Oklahoma Discovery Code

4.    admission of gruesome photographs

5.    cumulative error

6.    actual innocence

7.    denial of the right to self-representation

8.    denial of the right to substitute counsel

In the habeas petition, Mr. Lowe also alleged ineffective assistance of trial counsel based on three theories: (1) counsel had told the jury that Mr. Lowe was a "drugy" [sic], (2) counsel had failed to request a particular jury instruction, and (3) counsel had failed to call or investigate any witnesses. R. vol. 1, at 26. These theories were waived by their omission in Mr. Lowe's objections to the magistrate judge's report and recommendation. *See Gardner v. Galetka*, 568 F.3d 862, 871 (10th Cir. 2009) (holding that the petitioner's ineffective-assistance claim had been waived with respect to counsel's failure to investigate the petitioner's mental health because in his objection to the report and recommendation, the petitioner had addressed only counsel's failure to investigate the murder weapon).

5

These waivers would leave only three habeas claims:

1.    ineffective assistance of counsel based on a failure to present evidence of 911 calls

2.    ineffective assistance of appellate counsel[2]

3.    inadequate jury instructions on the "Stand Your Ground" law

Nonetheless, these claims are otherwise subject to waiver and procedural default.

**4.    Waiver through Omission in the Habeas Petition: Claim of Ineffective-Assistance Based on a Failure to Present Evidence of 911 Calls**

Mr. Lowe claims in part that his trial counsel should have presented evidence of 911 calls. This claim was presented for the first time in Mr. Lowe's objection to the magistrate judge's report and recommendation. That was too late, creating a waiver. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2009) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

**5.    Procedural Default: Claims of Ineffective Assistance of Appellate Counsel and Inadequate Jury Instructions on the "Stand Your Ground" Law**

---

[2]    In district court, Mr. Lowe also objected to the magistrate judge's disposition of a hearsay claim. But he has not included this claim in his application for a certificate of appealability.

6

These rulings would leave only two habeas claims: (1) ineffective assistance of appellate counsel and (2) inadequate jury instructions on the "Stand Your Ground" law. But these claims are procedurally barred.

## A.  Ineffective Assistance of Appellate Counsel

We first address the claim of ineffective assistance of appellate counsel. In the habeas petition, the district court ruled that this claim had been procedurally defaulted. We agree.

The general rule is that federal habeas review is barred when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Lowe's claim of ineffective assistance of appellate counsel was considered untimely under OCCA Rule 5.2(C)(2), which is an independent and adequate state rule. *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998). The resulting issue is whether the issue fell within an exception to the general rule.

Two exceptions exist: (1) cause and prejudice and (2) a fundamental miscarriage of justice based on actual innocence. *Coleman*, 501 U.S. at 750.[3]

---

[3]    The Supreme Court recognized a limited third exception in *Martinez v. Ryan*, 566 U.S. 1 (2012). That exception applies when a collateral

The second exception does not apply. Mr. Lowe claims actual innocence based on self-defense under Oklahoma's "Stand-Your Ground" law. But this exception requires "new reliable evidence" of innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And Mr. Lowe has not presented any new evidence. Instead, he argues that he was "legally innocent" rather than "actually innocent." *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (holding the miscarriage-of-justice exception does not apply to the petitioner's arguments on self-defense and heat of passion).

Likewise, the "cause and prejudice" exception to the procedural default doctrine does not apply. "Cause" refers to "something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis omitted). Though the magistrate judge stated that ineffective assistance of appellate counsel "could be considered 'cause' for [the] failure to raise the preceding five claims on direct appeal," Mr. Lowe had procedurally defaulted on the appellate counsel claim by filing an untimely post-conviction appeal. R. vol. 1, at 507.

In this appeal, Mr. Lowe attributes the delay to the individuals responsible for the prison library. But Mr. Lowe forfeited this argument by failing to present it in district court. *See Hancock v. Trammell*, 798 F.3d

---

proceeding is the "first occasion to raise a claim of inadequate assistance at trial." 566 U.S. at 8. That exception does not apply here.

8

1002, 1011 (10th Cir. 2015). And because Mr. Lowe has not requested plain-error review, such review is unavailable. *Id*.

As a result, Mr. Lowe procedurally defaulted his claim of ineffective assistance of appellate counsel.

**B.     Inadequate Jury Instructions on the "Stand Your Ground" Law**

In the habeas petition, Mr. Lowe also claimed inadequate jury instructions on the "Stand Your Ground" law. This claim was procedurally defaulted through omission in the direct appeal. *See Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008). And, as discussed above, Mr. Lowe cannot satisfy either exception to the procedural-default doctrine. Thus, Mr. Lowe cannot obtain habeas relief on this claim.

Appeal dismissed.

Entered for the Court


Robert E. Bacharach
Circuit Judge