**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONEY L. BROWN,

     Petitioner - Appellant,

v.

DAVID ZUPAN; CYNTHIA H.
COFFMAN, Attorney General of the State
of Colorado,

     Respondents - Appellees.

No. 17-1206
(D.C. No. 1:14-CV-02218-WJM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Toney L. Brown, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal the district court's denial of his

application for relief under 28 U.S.C. § 2254.  Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss this matter.

Mr. Brown was convicted of aggravated robbery, first degree criminal

trespass, two counts of third degree assault, false imprisonment, and two habitual

criminal counts.  *People v. Brown*, (Colo. App. No. 03CA0316, May 24, 2007)

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    [1] Because Mr. Brown is proceeding pro se, we construe his filings liberally.
*See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

(unpublished). After seeking postconviction relief in state court, Mr. Brown filed his § 2254 application asserting eight claims for relief: his Sixth and Fourteenth Amendment rights were violated because his trial counsel was ineffective (Claim One); his Sixth Amendment rights were violated because his first public defender was ineffective (Claim Two); his Sixth and Fourteenth Amendment rights were violated because his trial counsel had a conflict of interest (Claim Three); his Fourth Amendment rights were violated because the police improperly attempted to detain him and seized evidence from his vehicle (Claim Four); his Fifth Amendment rights were violated because a police officer improperly identified him (Claim Five); his Sixth and Fourteenth Amendment rights were violated because the prosecution failed to preserve relevant 911 recordings (Claim Six); his Sixth and Fourteenth Amendment rights were violated because his appellate counsel was permitted to withdraw and his retained counsel provided ineffective assistance by failing to raise issues related to his trial counsel's ineffectiveness (Claim Seven); and his Sixth and Fourteenth Amendment rights were violated because certain exculpatory evidence was not presented at his trial (Claim Eight).

The district court dismissed all but the second and third claims as procedurally defaulted because Mr. Brown failed to exhaust them in state court, where they would now be barred. On Claim Two, the court determined that the performance of Mr. Brown's first public defender was not deficient under *Strickland v. Washington*, 466 U.S. 668, 688 (1984). On Claim Three, the court concluded that the Colorado Court of Appeals (CCA) did not unreasonably apply clearly established federal law

2

when it determined Mr. Brown's trial counsel did not have a conflict of interest. In addition, the court declined to excuse Mr. Brown's procedural default of Claim Eight based on arguments of his actual innocence. The court denied a COA.

Mr. Brown must obtain a COA to appeal the district court's denial of § 2254 relief. *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a district court rejects a claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court dismisses a § 2254 application on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and whether the court's procedural ruling was correct. *Id.* at 484-85. In reviewing a § 2254 application, "[w]e presume that the factual findings of the state court are correct" unless the petitioner presents clear and convincing evidence to the contrary. *Fairchild v. Workman*, 579 F.3d 1134, 1137 (10th Cir. 2009).

**Claim One**

The district court determined that although Mr. Brown challenged his trial counsel's effectiveness in two postconviction motions, he did not pursue this claim in his appeals of those postconviction challenges, and therefore the claim, which had several subparts, was procedurally defaulted. Generally, a prisoner is barred from obtaining federal habeas review of a claim that he failed to exhaust in state court.

3

*See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, in *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), the Supreme Court recognized a narrow exception to the *Coleman* rule: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." For the *Martinez* exception to apply, Mr. Brown must show that his first postconviction counsel was ineffective under the standards of *Strickland*, and he "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [he] must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

Mr. Brown has not shown that his underlying claim against his trial counsel is substantial.[2] "[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. To show prejudice, Mr. Brown "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. He argues that his trial counsel failed to seek suppression of certain physical and identification evidence, present expert testimony on issues not directly related to his guilt, and present other testimony that would controvert minor details from his case, but he has not shown a reasonable probability that the outcome of his trial would have been different had these strategies been pursued. *See id.* at 693 ("It is not enough for the

_____

[2] We may deny COA on a ground that is supported by the record even if it was not relied on by the district court. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

4

defendant to show that the errors had some conceivable effect on the outcome of the proceeding.").  Because Mr. Brown has not demonstrated cause for his procedural default, reasonable jurists could not debate the district court's dismissal of this claim.

To the extent Mr. Brown argues that his postconviction appellate counsel were ineffective for failing to raise issues related to his trial counsel's effectiveness, their alleged ineffectiveness cannot be cause for a procedural default because "[t]here is no constitutional right to an attorney in state post-conviction proceedings."  *Coleman*, 501 U.S. at 752.  The limited exception to *Coleman* recognized in *Martinez*, 566 U.S. at 14, and *Trevino v. Thaler*, 569 U.S. 413 (2013), does not apply here.  *See Middlebrooks v. Carpenter*, 843 F.3d 1127, 1136 (6th Cir. 2016) ("[T]he *Martinez-Trevino* exception does not apply to save procedural defaults that occur in appeals from initial-review collateral proceedings." (internal quotation marks omitted)).  As a result, reasonable jurists could not debate the reasonableness of the district court's procedural ruling on this claim.

**Claim Two**

Mr. Brown's first public defender represented him for about three weeks from shortly after his arrest until the state court granted the public defender's motion to withdraw at a preliminary hearing.  Mr. Brown argues that the public defender was ineffective because he did not take appropriate steps to preserve 911 recordings that were relevant to Mr. Brown's defense.

Because the CCA did not decide this claim on the merits and it was not otherwise procedurally barred, the district court reviewed it de novo.  *See Gipson v.*

5

*Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004). "For federal habeas claims not adjudicated on the merits in state-court proceedings, we exercise our independent judgment and review the federal district court's conclusions of law de novo." *Hooks v. Workman*, 689 F.3d 1148, 1163-64 (10th Cir. 2012) (internal quotation marks omitted). Of course, at the COA stage, we review the district court's dispositive ruling solely for debatability, as explained above. *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("The COA inquiry . . . is not coextensive with a merits analysis.").

"To demonstrate ineffective assistance of counsel a petitioner must establish both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unreasonable errors, the outcome of his appeal would have been different." *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002) (citing *Strickland*, 466 U.S. at 688, 694). In applying the first prong of *Strickland*, "'[e]very effort must be made to evaluate the conduct from counsel's perspective at the time," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Hooks*, 689 F.3d at 1186-87 (internal quotation marks omitted). With respect to the second prong, a petitioner must demonstrate "more than some conceivable effect on the outcome of the proceeding." *Id.* at 1187 ("Reasonable probability is more than mere speculation . . . .").

The district court concluded that it was not unreasonable for the public defender not to have preserved the 911 recordings before his representation of

6

Mr. Brown ended and that Mr. Brown's subsequent inability to obtain the recordings could not be imputed to the public defender. Therefore, the court determined that Mr. Brown did not present evidence that would overcome the presumption of reasonableness with respect to the public defender's performance. The court also concluded that Mr. Brown had not satisfied his burden of showing that he was prejudiced by the absence of the recordings at trial because his assertion as to the value of the recordings was speculative. The court's conclusion that Mr. Brown is unable to prevail on either prong of the *Strickland* test is not debatable.

**Claim Three**

The CCA reversed the judgment of conviction from Mr. Brown's first trial and remanded the case for a new trial. *See People v. Brown*, (Colo. App. No. 95CA0177, Mar. 6, 1997) (unpublished). At his second trial, Mr. Brown was represented by counsel who had previously supervised his first public defender and another public defender who represented one of the prosecution's witnesses. Mr. Brown argues that these connections created a conflict of interest. But the CCA determined that Mr. Brown's trial counsel left the public defender's office more than four years before he represented Mr. Brown and also before the office represented the prosecution witness. Mr. Brown has not presented clear and convincing evidence to rebut these findings or to support his contentions that a conflict of interest adversely affected his trial counsel's performance and that there was collusion among members of the office. The district court's ruling that the CCA did not unreasonably apply clearly established federal law when it rejected this claim is not debatable.

7

**Claims Four through Six**

The district court determined that these claims were procedurally defaulted because Mr. Brown could have raised them in his direct appeal but did not. As with Claim One, Mr. Brown contends that he can establish cause for failing to raise these claims because his postconviction appellate counsel was ineffective. However, as discussed above, there is no constitutional right to an attorney in state postconviction proceedings under *Coleman*, and Mr. Brown has not shown that an exception to *Coleman* applies here, *see Middlebrooks*, 843 F.3d at 1136. Therefore, reasonable jurists could not debate the correctness of the district court's dismissal of these claims.

**Claim Seven**

The district court ruled that Mr. Brown failed to assert cause for procedurally defaulting on his claim against his appellate counsel and his retained counsel. In his filings before this court, Mr. Brown addresses this ruling in only a cursory manner; he has not demonstrated that reasonable jurists could debate whether this claim should have been resolved differently or that any issues related to this claim deserve encouragement to proceed further. *See LeFevers v. Gibson*, 182 F.3d 705, 725 (10th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner and without developed argumentation are deemed waived on appeal.").

**Claim Eight**

In addition to finding Claim Eight procedurally defaulted, the district court concluded that Mr. Brown failed to make a showing of actual innocence to establish a

8

fundamental miscarriage of justice that would excuse the default. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (requiring that innocence be supported by "new reliable evidence . . . that was not presented at trial"). Mr. Brown points to various types and pieces of evidence—including DNA, shoe print, hair fiber, saliva, and testimony—that he argues support his contention that someone else committed the robbery. However, none of this evidence "affirmatively demonstrates his innocence," *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). Therefore, reasonable jurists would not debate the district court's conclusion that it falls short of demonstrating "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *Schlup*, 513 U.S. at 327.

Accordingly, we deny Mr. Brown's request for a COA and his motion to proceed in forma pauperis and dismiss the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge